United States District Court
District of Massachusetts

| | |
|---|---|
| Jonathan Verrier, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 22-11855-NMG |
| Beth Israel Deaconess Hospital- ) | |
| Plymouth, Inc. et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Jonathan Verrier ("Verrier" or "plaintiff"), pro se, brings this action in which he alleges that he was subject to an unlawful manual body cavity search at Beth Israel Deaconess Hospital-Plymouth ("BIDHP") while in pretrial detention at Plymouth County Correctional Facility ("PCCF"). In his amended complaint, he names as defendants BIDHP, the Massachusetts Department of Correction ("DOC") and the Sheriff of Plymouth County and the Superintendent of PCCF.

Plaintiff alleges that defendants violated M.G.L. c. 123, §35 (Count I), substantive due process rights in both the 14th Amendment to the United States Constitution and Article 10 of the Massachusetts Declaration of Rights (Count II), Title II of the Americans with Disabilities Act ("ADA") (Count III), 42

-1-

U.S.C. § 1983 (Count IV), M.G.L. c. 258 (Count V), the Eighth and First Amendments to the United States Constitution (Counts VII and VIII), and that defendants committed false imprisonment (Count VI), negligence (Count IX) and intentional/negligent infliction of emotional distress (Count X).

I. **Background**

The amended complaint alleges that plaintiff was civilly committed at MCI Bridgewater under M.G.L. c. 123, § 35 for treatment of a substance abuse disorder. He makes several allegations concerning the conditions of his commitment, including that MCI Bridgewater failed to comply with the confinement requirements of M.G.L. c. 123, § 35. The amended complaint does not specify when or for how long plaintiff was committed.

Verrier alleges that he was prescribed Suboxone for his opioid addiction and that he hid the medication in his rectum because he did not trust the prison system. Corrections officers later required plaintiff to defecate the drugs.

On February 19, 2019, two corrections officers escorted plaintiff to BIDHP after a nurse at MCI Bridgewater allegedly reported that he needed to go to the hospital. At BIDHP, an X-ray revealed that plaintiff still had Suboxone secreted in his body. He asserts that instead of receiving medical treatment,

he was subjected to a manual body cavity search by a doctor without his consent. Plaintiff allegedly offered to retrieve the pills himself but was told that if he did not permit a doctor to retrieve the drugs, surgery would be required.

Plaintiff contends that the doctor manually penetrated his anus in front of corrections officers and medical students. As a result, he purportedly suffers from nightmares about doctors and is currently on PTSD medication.

Verrier filed the original complaint on October 27, 2022, and the amended complaint on May 26, 2023.

## II. Motions to Dismiss

### A. Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the subject pleading must contain sufficient factual matter to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged. Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

When rendering that determination, a court may consider certain categories of documents extrinsic to the complaint "without converting a motion to dismiss into a motion for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).  For instance, a court may consider documents of undisputed authenticity, official public records, documents central to a plaintiff's claim and documents that were sufficiently referred to in the complaint. Watterson, 987 F.2d at 3.

A court may not disregard properly pled factual allegations in the complaint even if actual proof of those facts is improbable. Ocasio-Hernandez, 640 F.3d at 12.  Rather, the court's inquiry must focus on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.

Additionally, a defendant can assert a "statute of limitations defense in a motion to dismiss if the facts establishing the defense are clear on the face of the plaintiff's pleadings." Maffeo v. White Pine Invs., 537 F. Supp. 3d 45, 47 (D. Mass. 2021) (internal quotations and citation omitted).  Dismissal is warranted when (1) the dates in the complaint demonstrate that the limitations period has run and (2) the complaint "fails to sketch a factual predicate that

-4-

would warrant" tolling the limitations. Trans-Spec Truck Serv.,
524 F.3d at 320.

### B. Application

#### 1. M.G.L. c. 123, § 35 Claim

Plaintiff asserts that the defendants violated M.G.L. c. 123, § 35 by not providing him with alcohol or substance-use-disorder treatment at MCI Bridgewater. That statutory provision enables police officers, physicians, spouses, blood relatives, guardians and court officials to petition a court to order an individual to be civilly committed for alcohol or substance use disorder. It also includes the procedures for filing such a petition.

As defendants all contend, M.G.L. c. 123, § 35 does not provide an individual right of action for failure to commit an individual for alcohol or substance use disorder. Accordingly, the motions to dismiss Count I will be allowed.

#### 2. Constitutional Claims

Plaintiff asserts violations of his constitutional rights including (1) substantive due process rights under the 14th Amendment to the U.S. Constitution and the Massachusetts Declaration of Rights (Count II), (2) 42 U.S.C. § 1983 (Count IV), (3) the Eighth Amendment to the U.S. Constitution (Count VII) and (4) the First Amendment to the U.S. Constitution (Count

VIII). Liberally construed, plaintiff brings each of these claims pursuant to 42 U.S.C. § 1983.

Claims brought under Section 1983 have a statute of limitations equivalent to that which is prescribed by the tort actions for personal injury of the subject state. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). In Massachusetts, personal injury claims must be commenced within three years from when a plaintiff knows or has reason to know of the alleged injury. M.G.L. c. 260, § 2A; see also Poy v. Boutselis, 352 F.3d 479, 483 (1st Cir. 2003).

Here, the amended complaint illustrates that plaintiff knew of his alleged injuries by February 19, 2019, at the latest. His original complaint was filed on October 27, 2022, more than 8 months after the three-year statutory deadline, and there are no other dates mentioned in the amended complaint from which the statute of limitations could be measured. Therefore, the motions to dismiss Counts II, IV, VII, and VIII will be allowed.[1]

### 3. ADA Claim

Plaintiff asserts a claim under Title II of the Americans with Disabilities Act ("ADA"). The statute of limitations for ADA claims in Massachusetts borrows from the state statute of

---

[1] To the extent that plaintiff asserts a cause of action under M.G.L. c. 12, § 11I for a violation of Article 10 of the Massachusetts Declaration of Rights, that claim is also barred by the statute of limitations. See M.G.L. c. 260, § 5B (statute of limitations for civil rights actions in Massachusetts is three years).

limitations for personal injuries which is three years. See Sigros v. Walt Disney World Co., 190 F. Supp. 2d 165, 168 (D. Mass. 2002).

As discussed supra, the amended complaint states that Verrier knew of his alleged injuries on February 19, 2019. Because the original complaint was filed more than three years after that date, the motions to dismiss Count III will be allowed.

### 4. State Law Claims

Finally, plaintiff alleges several state tort claims including (1) false imprisonment, (2) negligence and (3) intentional/negligent infliction of emotional distress. Those are all personal injury claims subject to the three-year Massachusetts statute of limitations. M.G.L. c. 260, § 2A.

Plaintiff also alleges that defendants violated M.G.L. c. 258.  Chapter 258 is a Massachusetts statutory provision that allows citizens to sue public employers for injuries caused by the negligence or wrongful acts of public employees committed within the scope of their employment. M.G.L. c. 258, § 2. Similar to the statute of limitations for personal injury claims in Massachusetts, the limitation for Chapter 258 claims is three years from the date that plaintiff knew or should have known of his or her alleged injury. M.G.L. c. 258, § 4.

Here too, the complaint was filed more than three years after the plaintiff knew of his alleged injuries. Therefore, the motions to dismiss Counts V, VI, IX and X will be allowed.

### ORDER

For the foregoing reasons, the motions of defendants Massachusetts Department of Correction (Docket No. 15), Sheriff MacDonald and Superintendent Moniz (Docket No. 17) and Beth Israel Deaconess Hospital-Plymouth, Inc. (Docket No. 20) to dismiss the amended complaint are **ALLOWED.**

**So ordered.**

                                          /s/ Nathaniel M. Gorton
                                          Nathaniel M. Gorton
                                          United States District Judge

Dated:  December 11, 2023